FEDOROFF FIRM, LLC.
504 Aldrich Road
Suite 2E
Howell, New Jersey 07731
(732) 364-8900 Fax 732-364-6900
VF8030
Attorney for Debtor

| IN RE:<br><br>MARCUS IMMESBERGER,<br><br>Debtor. | UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br>TRENTON VICINAGE<br>CASE NO. 18-19546/MBK CHAPTER 11<br><br>**CERTIFICATION IN OPPOSITION TO MOTION FOR RELIEF FROM THE AUTOMATIC STAY FILED BY U.S. BANK NATIONAL ASSOCIATION**<br><br>**Hearing Date:  October 29, 2018** |
|---|---|

Marcus Immesberger, of full age, does hereby certify as follows:

1. I am the Debtor in the within bankruptcy and I am fully familiar with the facts contained herein.

2. I make this Certification in Opposition to the Motion for Relief from the Automatic Stay filed by Romano, Garubo & Argentieri, on behalf of U.S. Bank National Association, relating to property located at 55 Waterman Avenue, Rumson, New Jersey 07760 (hereinafter "the property").

3. I oppose the relief that the creditor, U.S. Bank National Association, (hereinafter "U.S. Bank"), is seeking because U.S. Bank is in error and post-petition payments have been made on the subject mortgage account.

4. I filed my Chapter 11 bankruptcy petition on May 10, 2018.  Since then, despite difficulties imposed by U.S. Bank's servicer, I have made payments toward the mortgage.

5. U.S. Bank utilizes the servicer, Fay Servicing LLC. After my case was filed, I mailed in payments in the amount of $3,855.61, for the months of June, July and August. Notwithstanding my bankruptcy filing, the checks were eventually returned uncashed by the servicer.

6. After the checks were returned, my sister, who is assisting me with these matters, communicated with an account representative for the loan, Mrs. J. Thomas, who advised her that the mortgage company did not even have any bankruptcy filing noted on the account and that she would require information about my grandmother's Decedent Estate before she would talk to us. After we submitted the requested documents, a new account representative was assigned to the account. Getting frustrated, we decided to try a different approach – we would attempt to make payments by phone.

7. On September 13, 2018, a telephone payment in the amount of $3,855.61 was made to a representative named Aisa. We were given the following confirmation number: 091320181006161415. The check cleared the bank account and I can provide proof of same upon request. Thereafter, on October 13, 2018, another phone payment was made in the amount of $7,711.22. At that time, the representative advised that confirmation numbers were no longer being provided over the phone, and as such, I cannot provide a confirmation number. Yet, that payment has also cleared the bank account and I can provide proof of same upon request as well. Since filing, I have made payments in the amount of $11,566.83. I intend to make another two (2) payments this coming Friday, October 26, 2018.

8. I believed the payments in the amount of $3855.61 were appropriate, as that was the figure my attorney and I came up with at the start of my bankruptcy case, after

reviewing previous mortgage documents.  If necessary, I will increase the payment amount to $4,108.21.

9. As post-petition payments have been made, I respectfully request that the Motion for Relief from Automatic Stay be denied.

10. I hereby certify that the foregoing statements made by me are true.  I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

*/s/ Marcus Immesberger*
MARCUS IMMESBERGER

Dated:  10/23/2018