Order Filed on January 8, 2019
by Clerk
U.S. Bankruptcy Court
District of New Jersey

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEW JERSEY

In re:                                ) Case No. 18-19546-MBK
                                      )
Marcus Immesberger,                   )
                                      ) Chapter 11
    Debtor                            )
                                      ) Judge Michael B. Kaplan
                                      )
                                      )
                                      ) STIPULATION FOR PLAN TREATMENT
                                      ) ON FIRST LIEN SECURED BY REAL
                                      ) PROPERTY AT 57 WATERMAN
                                      ) AVENUE, RUMSON, NJ 07760

**DATED: January 8, 2019**

Honorable Michael B. Kaplan
United States Bankruptcy Judge

U.S. Bank NA, successor trustee to Bank of America, NA, successor in interest to LaSalle Bank NA, on behalf of the holders of the WaMu Mortgage Pass-Through Certificates, Series 2005-AR15, its assignees and/or successors, by and through its servicing agent Select Portfolio Servicing, Inc. ("Secured Creditor" herein) and Debtor, Marcus Immesberger ("Debtor" herein), by and through their attorneys of record, now enter into the below stipulation to resolve and agree to plan treatment of the real property commonly known as 57 Waterman Avenue, Rumson, NJ 07760.

## RECITALS

A. On 7/14/2005, Debtor, for valuable consideration, made, executed and delivered a Note secured by a First Deed of Trust both in the amount of $1,500,000.00 on the property commonly known as 57 Waterman Avenue, Rumson, NJ 07760 ("Subject Property").

B. On or about 5/10/2018, Debtor filed a voluntary petition under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court, New Jersey District of New Jersey.

C. As of the date of filing of said bankruptcy case, the total amount of Secured Creditor's claim with regard to the Subject Property was approximately $2,140,110.38.

D. The parties have conferred and agreed upon the treatment of Secured Creditor's first lien secured by the Subject Property for purposes of Debtor's Chapter 11 Plan and those terms are reflected below.

## THE PARTIES HERETO STIPULATE AND AGREE AS FOLLOWS:

1. The Subject Property is fully secured for the total amount of the contractual amounts due on the loan including post petition interest, fees and escrow for the purposes of this instant Chapter 11 case.

2. The total amount of the debt as of 11/2/2018 is approximately $2,156,246.11.

3. Debtor(s) agree(s) to pay the secured claim amount of $1,600,00.00 at a 5.25% fixed interest rate with payments calculated at a 360 month amortization schedule, with all

amounts due upon the maturity date 11/1/2045. All unsecured amounts due are reduced to zero upon confirmation of the plan.

4. All amounts still outstanding upon the maturity date under this agreement, including any deferred non-interest bearing amount, will be due and owing in full on the maturity date 11/1/2045. There will be deferred interest due at maturity.

5. The principal and interest payment ("P&I" herein) under these agreed terms is approximately $8835.26 per month. This amount is approximate, and the formal re-amortization under this agreement will be completed by Secured Creditor after successful confirmation of the Plan of Reorganization that incorporates same.

6. The loan will remain impounded for taxes and insurance on the Subject Property in accordance with the terms of the deed of trust and note. The current amounts due are taxes at $1928.70 per month and insurance at $959.67 per month. Debtor is aware these amounts may fluctuate. Debtor(s) also agree(s) to provide proof of insurance to Secured Creditor within 30 days upon request. Post petition advances on this account must be reimbursed over 24 months in the monthly payment as detailed below. The total amount advanced post petition as of 11/19/2018 is $23,379.20.

7. The first payment under this agreement is due 12/1/2018 in the amount of $11,797.76 per month (principal and interest $8,835.26 + taxes $1928.70 + insurance $959.67+ shortage 974.13). Debtor(s) agree(s) to make payments in this amount until the permanent loan adjustments are made and post confirmation mortgage statement is sent out reflecting the new loan terms and monthly payment amount. Debtor(s) agree(s) to pay the amounts reflected in those statements.

8. Payments shall be made directly to Secured Creditor at Attn: Remittance Processing, P.O. Box 65450, Salt Lake City, UT 84165-0450, with reference to the last four digits of the Loan Number 4797, or as otherwise directed.

9. All post petition escrow advances will remain due and owing on the loan and will be repaid. The payment required under this stipulation prior to confirmation includes a shortage payment for taxes and insurance paid as of 11/19/2018 but does not include an escrow

3

shortage payment for any future funding of the escrow account per RESPA. The escrow shortage will be calculated and added to the monthly payment after the permanent loan adjustments are made and post confirmation mortgage statement is sent out reflecting the new loan terms and monthly payment amount. This escrow shortage will be for funding of the escrow account per RESPA.

10. All other terms of the Deed of Trust and Note not directly altered by this agreement will remain in full force and effect.

11. Secured Creditor has relief from the automatic stay as to the Subject Property upon confirmation of Debtor's Chapter 11 Plan.

12. In the event of a default on payments to Secured Creditor under the terms of this stipulation prior to the entry of the confirmation order, Secured Creditor shall notify Debtor and Debtor's counsel of the default in writing. Debtor(s) shall have ten (10) calendar days from the date of the written notification to cure the default, and Debtor(s) agree(s) to pay an additional $100.00 for attorney fees for each default occurrence. If Debtor(s) fail(s) to cure the default, Secured Creditor may lodge a declaration of default and order terminating the automatic stay and include that the 14-day stay as provided in FRBP 4001(a)(3) is waived. Upon entry of the order the automatic stay shall be terminated and extinguished for purposes of allowing Secured Creditor to notice, proceed with, and hold a trustee's sale of the Subject Property, pursuant to applicable state law and without further Court Order or proceeding being necessary, including any action necessary to obtain complete possession of the Subject Property, including unlawful detainer.

13. In the event of a default on payments to Secured Creditor under the terms of this stipulation after the entry of the confirmation order, Secured Creditor shall may proceed pursuant to the terms of the underlying deed of trust and note, and state and federal law, to obtain complete possession of the Subject Property, including unlawful detainer, without further court order or proceeding being necessary. Any and all default provisions included in Debtor's Chapter 11 plan are not applicable to Secured Creditor with regard to the Subject Property, and Secured Creditor is only bound by the terms included in this stipulation.

14. Debtor(s) agree(s) to incorporate the above agreed terms of lien treatment into any and all existing and future proposed Chapter 11 Plans through either exact language or by attaching this stipulation as an exhibit to the plan, and if any terms in Debtor's(s') Chapter 11 Plan conflict with the terms of this stipulation the terms of this stipulation will control. In the event that Debtor's(s') Chapter 11 Plan does not reflect the language of this stipulation, Debtor(s) agree(s) that the stipulation terms will be incorporated into the confirmation order through exact language, attachment of the stipulation as an exhibit to the confirmation order, or by reference in the confirmation order of the stipulation by document number.

15. Secured Creditor agrees to vote for Debtor's(s') Chapter 11 Plan provided it Debtor has complied with all provisions of this stipulation.

16. If this instant Chapter 11 bankruptcy petition is dismissed and/or converted to another chapter under title 11, Secured Creditor's lien shall remain a valid secured lien for the full amount due under the original Promissory Note and all payments received under this agreement will be applied contractually under the original terms of the Deed of Trust and original Promissory Note.

IT IS SO STIPULATED:

Dated: 1/4/2019

_____
Vera Fedoroff
Attorney for Debtor,
Marcus Immesberger

Dated: 1/4/19

_____
Attorney for U.S. Bank NA, successor trustee to Bank of America, NA, successor in interest to LaSalle Bank NA, on behalf of the holders of the WaMu Mortgage Pass-Through Certificates, Series 2005-AR15, its assignees and/or successors, by and through its servicing agent Select Portfolio Servicing, Inc.