<div style="border:1px solid">

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

</div>

**FRENKEL LAMBERT WEISS WEISMAN &**
**GORDON, LLP**
80 Main Street, Suite 460
West Orange, NJ 07052
(973)325-8800
Douglas McDonough, Esq.
Attorneys for Secured Creditor U.S. Bank, NA

**Order Filed on February 13, 2019
by Clerk
U.S. Bankruptcy Court
District of New Jersey**

In Re:

Marcus Immesberger,

                              Debtor,

Case No.:  18-19546

Chapter  11

Honorable Michael B. Kaplan

**CONSENT ORDER RESOLVING MOTION FOR RELIEF FROM AUTOMATIC STAY**

The relief set forth on the following pages numbered two (2) through five (5) is hereby ORDERED.

**DATED: February 13, 2019**

Honorable Michael B. Kaplan
United States Bankruptcy Judge

Page -2-
Debtor: Marcus Immesberger
Case No.: 18-19546-MBK
Caption of Order: CONSENT ORDER RESOLVING MOTION FOR RELIEF FROM
AUTOMATIC STAY

Secured Creditor U.S. Bank, N.A., successor trustee to Bank of America, NA, successor in interest to LaSalle Bank NA, as trustee, on behalf of the holders of the WaMu Mortgage Pass-Through Certificates, Series 2007-OA4 (the "Secured Creditor"), having filed a Motion for Relief from Stay (the "Motion") regarding the real property located at 107 W. River Road, Rumson, New Jersey 07760 (the "Property") currently owned by Debtor Marcus Immesberger, the Chapter 11 Debtor in the above proceeding (the "Debtor"), and it appearing that Secured Creditor and the Debtor have resolved the issues in the Motion upon the terms set forth herein, and upon the mutual consent of Secured Creditor and the Debtor, and no further notice need be given, and good and sufficient cause appearing for the entry of the within Consent Order, it is hereby ORDERED AS FOLLOWS:

1.      Debtor shall make payments of $9,922.81 per month directly to Secured Creditor beginning on December 1, 2018 and continuing on the first (1st) day of each subsequent month up to and including that for June 2019. Debtor shall surrender the Property in June 2019, and the automatic stay shall terminate on June 30, 2019.      Payments shall be made directly to Secured Creditor at Select Portfolio Servicing, Attn: Remittance Processing, P.O. Box 65450, Salt Lake City, UT 84165-0450

2.      The loan will remain impounded for taxes and insurance on the Property in accordance with the terms of the mortgage and note.

3.      In the event of a default on payments to Secured Creditor under the terms of this

Page -3-
Debtor: Marcus Immesberger
Case No.: 18-19546-MBK
Caption of Order: CONSENT ORDER RESOLVING MOTION FOR RELIEF FROM
AUTOMATIC STAY

Consent Order prior to June 30, 2019, Secured Creditor may seek any and all remedies afforded

to it under the law including but not limited to submitting a Certification to the Court on notice to

Debtor and Debtor's counsel that Debtor has defaulted on the terms of this Consent Order and

requesting immediate relief from the automatic stay. If no response is filed by the Debtor after

fourteen (14) days, Secured Creditor may submit an Order Vacating the Automatic Stay.

    4.      Secured Creditor agrees to vote for Debtor's Chapter 11 Plan provided Debtor has

complied with all provisions of this Consent Order.

    5.      The terms of this Consent Order shall be incorporated by reference into any plan

or plans filed, amended, and confirmed in the Debtor's within case or any subsequent case filed

under the Bankruptcy Code (the "Code"), and no such plan may be confirmed that is inconsistent

with the terms of this Consent Order.

    6.      The parties to this Consent Order, and anyone who succeeds to their rights and

responsibilities hereunder, their successors and assigns, are bound by this Consent Order. This

Consent Order is for the benefit of the named parties and all who succeed to their rights and

responsibilities.

    7.      This Consent Order reflects and constitutes the entire understanding and

agreement between the consenting parties respecting this matter. No changes, alterations,

modifications, or qualifications to the terms stated here shall be made binding unless made in

writing and signed by the parties to this Consent Order.

Page -4-
Debtor: Marcus Immesberger
Case No.: 18-19546-MBK
Caption of Order: CONSENT ORDER RESOLVING MOTION FOR RELIEF FROM
AUTOMATIC STAY

8.      No delay or failure by either party to exercise any right hereunder, and no partial

or single exercise of any such right, shall constitute a waiver of that or any other rights, unless

otherwise expressly provided herein.

9.      This Consent Order shall be governed by and construed in accordance with the

laws of the State of New Jersey, without giving effect to principles of conflicts of laws, and any

and all disputes under and related to this Consent Order shall be exclusively within the

jurisdiction of the United States Bankruptcy Court for the District of New Jersey or an appellate

court thereof and, failing such jurisdiction, within the courts of the State of New Jersey.

10.     If any of the provisions of this Consent Order shall be later held to be invalid or

unenforceable according to law, the remaining provisions herein shall not be affected thereby

and shall continue in full force and effect only to the extent the intent of the parties to this

Consent Order can be fully carried out.

11.     The parties to this Consent Order agree and acknowledge that this is a negotiated

Consent Order and that the rule of construction that any ambiguities be construed against the

drafting party shall not apply.

12.     The parties understand and agree to the terms of this Consent Order. By signing

this Consent Order, the parties acknowledge and agree that they have duly considered, approved,

and authorized this Consent Order, and have taken all necessary actions for it to be valid and

binding. The parties further acknowledge that the individual, officer, agent, representative, or

employee signing this Consent Order has the express authority to do so; has been afforded a

Page -5-
Debtor: Marcus Immesberger
Case No.: 18-19546-MBK
Caption of Order: CONSENT ORDER RESOLVING MOTION FOR RELIEF FROM
AUTOMATIC STAY

reasonable and sufficient period of time to review the terms thereof; and has signed it both freely

and voluntarily and without duress or coercion and with full knowledge that the only

consideration for signing this Consent Order are the terms stated herein, and no other promise,

agreement, or representation of any kind has been made to any person to cause such individual,

officer, agent, representative, or employee signing this Consent Order to execute same.

13.    Secured Creditor shall have relief from the automatic stay on June 30, 2019 at

which point Secured Creditor may exercise all remedies available to it under the law to protect

its interest as a lienholder including but not limited to foreclosure.  Upon discharge of the debtor

from the within bankruptcy case, any and all deficiencies that may emerge at a sheriff's sale are

waived.  However, if the case is dismissed and the Debtor has not received a discharge, Secured

Creditor maintains any and all rights to any deficiency as allowed per the Note and Mortgage.


Fedoroff Firm, LLC                           Frenkel Lambert Weiss Weisman & Gordon LLP
Attorneys for Chapter 11 Debtor              Attorneys for Secured Creditor



_____                      _____
Vera Fedoroff, Esq.                          Sean O'Brien, Esq.  Douglas J. McDonough, Esq.
504 Aldrich Road, Suite 2c                   80 Main Street, Suite 460
Howell, NJ 07731                             West Orange, NJ 07052


Dated: January 25, 2019                      Dated: January 30, 2019