UNITED STATES DEPARTMENT OF JUSTICE
OFFICE OF THE UNITED STATES TRUSTEE
ANDREW R. VARA
ACTING UNITED STATES TRUSTEE, REGION 3
Jeffrey M. Sponder, Esquire
One Newark Center, Suite 2100
Newark, NJ 07102
Telephone: (973) 645-3014
Email: jeffrey.m.sponder@usdoj.gov

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re: | : Case No. 18-19546 (MBK) |
| Marcus Immesberger, | : Chapter 11 |
| Debtor. | : The Honorable Michael B. Kaplan |
| | : Hearing Date: March 20, 2019 @ 10:00 am |

**OBJECTION OF THE ACTING UNITED STATES TRUSTEE TO
MODIFIED PLAN OF REORGANIZATION**

Andrew R. Vara, the Acting United States Trustee for Region 3 ("United States Trustee"), by and through his undersigned attorney, hereby files this objection ("Objection") to confirmation of the Modified Plan of Reorganization (the "Modified Plan") (Docket No. 62).[1] In support of the Objection, the United States Trustee respectfully states:

**Jurisdiction**

1. This Court has jurisdiction to hear and determine this Objection.

2. Under 28 U.S.C. § 586, the United States Trustee is generally charged with monitoring the federal bankruptcy system. *See United States Trustee v. Columbia Gas Sys., Inc. (In re Columbia Gas Sys., Inc.)*, 33 F.3d 294, 295-96 (3d Cir. 1994) (noting that United States Trustee has "public interest standing" under 11 U.S.C. § 307 which goes beyond mere pecuniary

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Modified Plan.

interest); *Morgenstern v. Revco D.S., Inc. (In re Revco D.S., Inc.)*, 898 F.2d 498, 500 (6th Cir. 1990) (describing the United States Trustee as a "watchdog").

3. Under section 307 of title 11 of the United States Code (the "Bankruptcy Code"), the United States Trustee has standing to be heard on the Disclosure Statement and Plan, and the issues raised in this Objection.

**Background**

**A.  The Bankruptcy Case.**

4. On May 10, 2018 (the "Petition Date"), Marcus Immesberger (the "Debtor") filed a voluntary petition for relief under Chapter 11 of title 11, United States Code. *See* ECF No. 1.

5. Since the Petition Date, the Debtor has remained in possession of his property and management of his affairs.

6. The Debtor owns a 25% interest in four properties as a beneficiary under the will of the Debtor's grandmother including 107 West River Road, Rumson, New Jersey ("107 West River"), 57 Waterman Avenue, Rumson, New Jersey ("57 Waterman"), 55 Waterman Avenue, Rumson, New Jersey ("55 Waterman") and 1507 7th Avenue, Neptune, New Jersey (the "Neptune Property"). *See* ECF No. 61 at page 8 of 34.

**B.  The Disclosure Statements and Plans.**

7. On November 15, 2018, the Debtor filed the Disclosure Statement and Original Plan of Reorganization (the "Plan"). *See* ECF Nos. 40 and 41.

8. On November 16, 2018, the Court entered an Order and Notice on Disclosure Statement, and scheduled an adequacy hearing for December 6, 2018. *See* ECF No. 43.

9. On November 26, 2018, the Court entered a Corrected Order and Notice on Disclosure Statement, and scheduled an adequacy hearing for December 20, 2018. *See* ECF No. 48.

10. On November 30, 2018, the U.S. Trustee filed an Objection to Adequacy of The Debtor's Disclosure Statement. *See* ECF No. 51.

11. On January 28, 2019, the Debtor filed a Modified Disclosure Statement and the Modified Plan. *See* ECF Nos. 61 and 62.

12. On January 29, 2019, the Court entered an Order Approving Disclosure Statement, and scheduled a confirmation hearing for March 11, 2019. *See* ECF No. 63.

13. On January 30, 2019, the Court entered a Corrected Order Approving Disclosure Statement, and scheduled a confirmation hearing for March 20, 2019. *See* ECF No. 64.

## Objections

**A. Feasibility – 11 U.S.C. § 1129(a)(11).**

14. Pursuant to Section 1129(a)(11), every chapter 11 plan must be feasible in order to be confirmed:

> (a) the Court shall confirm a plan only if all of the following requirements are met:
>
> * * *
>
> (11) Confirmation of the plan is not likely to be followed by the liquidation, or the need for further financial reorganization, of the debtor or any successor to the debtor under the plan, unless such liquidation or reorganization is proposed in the plan.

*See* 11 U.S.C. § 1129(a)(11).

15. "The purpose of § 1129(a)(11) 'is to prevent confirmation of visionary schemes that promise creditors and equity security holders more under a proposed plan than the debtor could possible attain after confirmation.'" *See In re Sound Radio, Inc.*, 103 B.R. 521, 522 (D.N.J. 1989), *aff'd* without opinion,. 908 F.2d 964 (3d Cir. 1990 (citation omitted).

16. The standard of proof required by a debtor to prove a chapter 11 plan's feasibility is by a preponderance of the evidence. *See In re Trans Max Technologies,* Inc., 349 B.R. 80, 92 (Bankr. D.Nev. 2006). *See also In re Deep River Warehouse, Inc.*, 2005 WL 2319201 *2 (Bankr. M.D.N.C. Sept. 22, 2005). The debtor must present evidence to sufficiently demonstrate that a plan has a reasonable chance of succeeding. *See Greate Bay Hotel & Casino, Inc.*, 251 B.R. at 226. *See also Acequia, Inc.*, 787 F.2d 1352, 1364 (9th Cir. 1986).

17. In addition, the Court is obligated to independently evaluate the plan and determine whether it offers a reasonable probability of success. *See Greate Bay Hotel & Casino, Inc.*, 251 B.R. at 226. *See also In re Monnier Bros.*, 755 F.2d 1336, 1341 (8th Cir. 1985); *In re Sovereign Oil Co.*, 128 B.R. 585, 586 (Bankr. M.D.Fla. 1991).

18. In determining whether a chapter 11 plan is feasible, only a reasonable assurance of commercial viability is required. *See Greate Bay Hotel & Casino, Inc.*, 251 B.R. at 226. *See also In re Prudential Electric Co.*, 58 B.R. 857, 863 (Bankr. S.D.N.Y. 1986).

19. Section 1129(a)(11) requires the Debtor to establish concrete evidence of a sufficient cash flow to fund and maintain both its operations and obligations under the Plan. *See Trans Max Technologies, Inc.*, 349 B.R. at 92. *See also In re Travelstead,* 227 B.R. 638, 651 (D.Md. 1998); *S & P, Inc. v. Pfeifer*, 189 B.R.173, 187 (N.D.Ind. 1995), *quoting In re SM 104 Ltd.*, 160 B.R. 202, 234 (Bankr. S.D.Fla. 1993), *aff'd*, 78 F.3d 587 (7th Cir. 1996).

20. In considering whether a particular plan is feasible, courts have considered the following factors: (i) the adequacy of the debtor's capital structure; (ii) the earning power of its business; (iii) economic conditions; (iv) the ability of the debtor's management; (v) the probability of the continuation of the same management; and (vi) any related matters which determine the prospects of a sufficiently successful operation to enable performance of the

provision of the plan. *See Greate Bay Hotel & Casino, Inc.*, 251 B.R. at 226-227 (*citing In re Temple Zion*, 125 B.R. 910, 915 (Bankr. E.D.Pa. 1991); *In re Landmark at Plaza Park, Ltd.*, 7 B.R. 653, 659 (Bankr. D.N.J. 1980).

21. The facts and circumstances of this case demonstrate that the Modified Plan may not be feasible and, as a result, may fail to qualify for confirmation pursuant to 11 U.S.C. § 1129(a)(11).

22. Through the Modified Plan, the Debtor intends to cram down the liens held by U.S. Bank N.A. concerning the 57 Waterman property and the 55 Waterman property, and restructure the loans to amortize them over 30 years with balloon payments 10 years after confirmation for the 55 Waterman property and November 1, 2045 for the 57 Waterman property. *See* ECF No. 62 at pages 10-12 of 21. In addition, the Debtor proposes to continue making monthly mortgage payments concerning the 107 West River property and surrender the property in June 2019. *See id.* at page 11 of 21. Further, the Debtor proposes to maintain the mortgage concerning the Neptune Property. *See id.*

23. Pursuant to the Modified Plan, the Debtor proposes to fund the Plan through his income "from his employer, Storage & Handling Logistics, Inc., as well as from contribution from his family members – the other beneficiaries of the Debtor's grandmother's estate." *See id.* at page 15 of 21. Additionally, "rental income generated from the Debtor's grandmother's decedent estate will also be used to pay the secured creditors." *See id.*

24. The Modified Plan does not include any evidence as to the wherewithal of the Debtor's father and sister to fund the payments required under the Modified Plan as well as any funds to be generated from the Debtor's grandmother's estate. The Debtor's father signed a certification advising that he intends to assist the Debtor with the payments under the Modified

Plan and that he has the wherewithal to make such a commitment. *See* ECF No. 61-3 at pages 2-3 of 3. Other than setting forth his household income and that he has "years-worth of funds in savings, retirement and other accounts," the Debtor's father did not provide any evidence in support of his wherewithal to fund the payments under the Modified Plan. *See id.*

25. Similarly, the Debtor's sister signed a certification advising that she intends to contribute to the Modified Plan if necessary, and sets forth that she has excess disposable monthly income. *See* ECF 61-4 at pages 2-3 of 3. However, the Debtor's sister did not attach any evidence in support of her ability to assist in funding the Modified Plan.

26. The monthly operating reports filed in this case from May 2018 to and including September 2018 reveal that the Debtor had average monthly income of $1,355.31. *See* Docket Entries 25, 26, 27, 34, 39 and 53.

27. The payments required to be made under the Modified Plan include monthly mortgage payments to U.S. Bank N.A. in the amount of $8,835.26 plus real estate taxes and insurance for 57 Waterman, $9,922.81 until June 2019 for 107 West River, $3,934.99 plus real estate taxes and insurance for 55 Waterman and $4,433.52 for the Neptune Property. *See* Docket Entry 62 at pages 10-13 of 21. In addition, the Debtor is required to make a monthly payment of $235.23 to Bank of America until January 2021 and will be required to pay unsecured creditors $406.50 a month for five years after confirmation. *See id.* at pages 17 and 18 of 32.

28. The Debtor will be required to make a total monthly payment of at least $27,768.31 through June 2019, at least $17,845.50 from July 2019 through January 2021 and at least $17,619.27 from February 2021 through five years after confirmation. *See id.* at pages 10-14 of 21.

29. Based on the monthly operating reports, there is no conceivable way for the Debtor to fund the Modified Plan without assistance from his family members. However, the Modified Plan does not include any evidence as to the wherewithal of those family members to fund the Plan. In addition, the Modified Plan does not include any projections to support the payments under the Modified Plan.

30. Further, the Debtor will be required to pay $14,000 upon confirmation to his attorney. *See* ECF No. 61 at page 13 of 34. However, pursuant to the October 2018 monthly operating report, the Debtor has cash as of the end of the month of October 2018 of $8,131.88, which is insufficient to make the payments to counsel.

31. The Debtor should be required to provide some proof of the Debtor's family members' ability to fund the payments under the Modified Plan and that his family members agree to fund the Modified Plan by way of certifications and projections.

**B.  Failure to File Monthly Operating Reports.**

32. Pursuant to 11 U.S.C. § 704 (7) and (8), made applicable in Chapter 11 cases by 11 U.S.C. §§ 1106(a)(1) and 1107 (a) and Fed. R. Bankr. P. 2015, a debtor is required to supply certain reports concerning the estate's administration and the operation of the debtor's post-petition business as prescribed by the United States Trustee Operating Guidelines and Reporting Requirements for Chapter 11 cases which were distributed to the Debtor at the inception of the case.

33. As of the date of this Objection, the Debtor has failed to file his monthly operating reports for the months of November 2018, December 2018 and January 2019.

34. Without the filed reports, the Court, the U.S. Trustee and all parties-in-interest are unable to accurately assess the feasibility of the Modified Plan.

### C. Miscellaneous Objections.

35. The Debtor has included the incorrect discharge provision for individuals in the Modified Plan. *See* ECF No. 62 at pages 19-20 of 21. Pursuant to 11 U.S.C. § 1141(d)(5), an individual debtor does not receive a discharge until all payments are made under a plan. *See* 11 U.S.C. § 1141(d)(5). The discharge provision should be revised in the Modified Plan to reflect the correct provision.

36. Additionally, the Debtor fails to provide the reason why the estate would be benefited from the Debtor continuing to pay the mortgage on the 107 West River property until June 2019, at which time the 107 West River property would be surrendered.

### Conclusion

37. The United States Trustee leaves the Debtor to his burden and reserves any and all rights, remedies and obligations to, *inter alia*, complement, supplement, augment, alter and/or modify this Objection, file an appropriate Motion and/or conduct any and all discovery as may be deemed necessary or as may be required and to assert such other grounds as may become apparent upon further factual discovery.

WHEREFORE, the United States Trustee requests that this Court issue an order denying confirmation of the Modified Plan, and/or granting such other relief as this Court deems appropriate, fair and just.

Respectfully submitted,

ANDREW R. VARA
ACTING UNITED STATES TRUSTEE
REGION 3

By:    */s/* Jeffrey M. Sponder
Jeffrey M. Sponder
Trial Attorney

Dated: March 13, 2019